IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DuJuan Green, #106568, | Civil Action No. 4:11-2473-MGL |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| SCDC Director Byrs; Warden McCall; Assoc Warden Mauney; Assoc Warden Claytor; Lt. Monroe; Lt. Byrd; Lt. Golden; Lt. C. Williams; Lt. McCauley; Major Bush; C/O Tucker; Sgt. Pay; Lt. Harold; Nurse Gene; Nurse Enloe; and Mr. Turner, | |
| Defendants. | |

On September 16, 2011, Plaintiff DuJuan Green ("Plaintiff"), proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At all times relevant to the allegations raised in the Complaint, Plaintiff was an inmate housed at Perry Correctional Institution ("PCI") within the South Carolina Department of Corrections ("SCDC"). On February 6, 2012, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking to dismiss Plaintiff's action as a matter of law. (ECF No. 52.) Defendants filed a amended motion for summary judgment on February 29, 2012 (ECF No. 61) and a second amended motion for summary judgment on April 19, 2012 (ECF No. 71). A *Roseboro* Order done in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) was entered on April 19, 2012 which provided Plaintiff with an explanation of dismissal/summary judgment procedures. (ECF No. 73.) Plaintiff filed a response in opposition to Defendants' amended motion for summary judgment on March 9, 2012 (ECF No. 64) and a response in opposition to Defendants' second amended motion

for summary judgment on June 26, 2012. (ECF No. 92.) Defendants filed replies in support of their motions for summary judgment on March 15, 2012, and on June 26, 2012. (ECF No. 94). Defendants' first amended motion for summary judgment was found moot pursuant to a text order entered on April 19, 2012. (ECF No. 72.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On January 7, 2013, Magistrate Judge Rogers issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' Motion for Summary Judgment in its entirety and dismiss this action as to all Defendants. (ECF No. 102 at 21.) Plaintiff filed objections to the Report and Recommendation on January 7, 2013. (ECF No. 104.) Defendants filed a response to Plaintiff's Objections to the Report and Recommendation on January 29, 2013. (ECF No. 106.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. After conducting a *de novo* review of Plaintiff's objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that Defendants' Motion for

Summary Judgment should be granted.

## DISCUSSION

After considering the parties' submissions, the Magistrate Judge recommends that this Court grant Defendants' Motion for Summary Judgment as Plaintiff has failed to show that Defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. Plaintiff alleged several claims against some of the Defendants, including claims of excessive force, deliberate indifference to medical needs, and claims relating to his conditions of confinement and disciplinary hearing. The Magistrate Judge addressed each claim in detail as well as defenses raised. (ECF No. 102 at 3.) The Magistrate Judge opined that: 1) Plaintiff failed to exhaust the SCDC grievance process as to his claims of medical indifference and that even if he did, he failed to show that a constitutional violation occurred in accordance with Fourth Circuit's standards; 2) Plaintiff failed to show that Defendants Byars, McCall, Claytor, Mauney, and Bush were personally involved in any constitutional violations and therefore liable on a theory of respondeat superior or supervisory liability; 3) the allegations of Plaintiff's complaint fail to support a claim of excessive force and do not give rise to a genuine issue of fact as to whether constitutionally excessive force was used against Plaintiff; 4) Plaintiff has not stated a claim for a conditions of confinement claim based on either his custodial classification or his diet; 5) Plaintiff's claim alleging a problem with disciplinary proceedings is subject to summary dismissal and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 6) Defendants are entitled to qualified immunity and Eleventh Amendment immunity from monetary damages in their official capacity. The Magistrate Judge also recommends that any pendent state law claims be dismissed, to the extent they were intended by Plaintiff. (ECF No. 102 at 20.)

Plaintiff has filed objections to the Report and Recommendation (ECF No. 104) and this Court will consider them here. As an initial matter, Plaintiff failed to make any specific objection needed to direct this Court to a particular portion of the Magistrate Judge's Report or otherwise challenge the Magistrate Judge's findings. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)(finding that a "specific written objection" is required to invoke *de novo* review by the district court); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011); *Clark v. Sumter Co.*, No. 9:07-cv-0791, 2008 WL 350480, *1 (D.S.C. 2008). Additionally, Plaintiff does not appear to address or discuss the viability of his claims concerning inadequate medical care or the conditions of his confinement, choosing instead to direct the discussion in his objections to his excessive force claim.

In his objections, Plaintiff provides a narrative further explaining an incident occurring on July 18, 2011, which forms the basis of his complaint. Plaintiff also interposes several hypothetical or theoretical questions which appear to be an attempt to create questions of fact to defeat summary judgment and to suggest that the actions taken by Defendants were either unconstitutional or otherwise inadequate. Plaintiff claims that certain of the Defendants omitted information from their reports and forms in an attempt to cover up their actions. (ECF No. 104 at 3.) Plaintiff further suggests that he did not receive a fair and impartial hearing before a Disciplinary Hearing Officer concerning certain charges made against him. (ECF No. 104 at 5.) Plaintiff attaches several documents, including incident reports, forms, and Defendants' affidavits, in support of his objections.

The Court has reviewed the objections and responses in light of the record in this case. The Court has also reviewed Plaintiff's responses in opposition to Defendants' motions

for summary judgment and the supporting submissions.  Even reading Plaintiff's objections liberally in an effort to find a specific challenge to the Magistrate Judge's Report, the Court does not find that Plaintiff has stated anything that would make this Court find any error in the Magistrate Judge's analysis.  Plaintiff has not offered any evidence to support his allegations that records and evidence presented in this case have been falsified.  Plaintiff makes only a conclusory allegation which this Court need not accept.  *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988) (court need not accept conclusory assertions or naked opinions).  Plaintiff's objections, to the extent his pleading can reasonably be construed as such, are overruled.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report, Plaintiff's Objections and the record in this case, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order.  Accordingly, Defendants' Motion for Summary Judgment (ECF No. 71) is GRANTED and this action is DISMISSED with prejudice as to all Defendants and in its entirety.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

February 26, 2013
Spartanburg, South Carolina